UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| FOUNTAIN CONSTRUCTION COMPANY, INC. | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 3:15cv42 HTW-LRA |
| SHEET METAL WORKERS' NATIONAL PENSION FUND | DEFENDANT |

## COMPLAINT

COMES NOW, Plaintiff, Fountain Construction Company, Inc. ("Fountain"), and files this complaint for a declaratory judgment. In support of its claims, Plaintiff would show as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction under 28 U.S.C. §1332 (diversity between Plaintiff and Defendant and amount in controversy exceeds $75,000.00), and under 28 U.S.C. §1331 (federal question) due to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1381 et seq., the Labor Management Relations Act ("LMRA"), Section 301(a), 29 U.S.C. §185(a), the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 et seq., the Federal Arbitration Act, 29 U.S.C. § 1 et seq., 29 CFR §4221.4(e), and under 28 U.S.C. §§ 2201 and 2202.

2. This District is an appropriate venue for this action because a substantial part of the events or omissions giving rise to the claim occurred here, the relevant beneficiaries and their work are here, and most witnesses are here. 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff Fountain is a corporation formed under the laws of the State of Mississippi and authorized to do business in the State of Mississippi.

4. Defendant Sheet Metal Workers' National Pension Fund is a multiemployer pension plan under the Employee Retirement Income Security Act of 1974, as amended, and may be sued and served with process on its Fund Administrator, Marc E. LeBlanc, or any of its Trustees at Fund Administrator, Sheet Metal Workers' National Pension Fund, 8403 Arlington Boulevard, Suite 300, Fairfax, Virginia, 22031. 29 U.S.C. §1132(d).

## BACKGROUND

5. Fountain performed work with union labor for many years for General Motors, Inc., Packard Electric Division ("Packard Electric") at several of Packard Electric's plants in Mississippi.

6. Fountain performed the work for Packard Electric under the General Presidents' Project Maintenance Agreement By Contract ("GP Agreement"), a copy of which is attached as Exhibit A.

7. Pursuant to the GP Agreement, Fountain made contributions to the Sheet Metal Workers' National Pension Fund ("SMWNPF") for the work within the jurisdiction of the Sheet Metal Workers' International Association ("SMWIA") for Packard Electric.

8. On September 4, 2007, the Sheet Metal Workers' National Pension Fund sent Fountain a Notice and Demand for Payment of Withdrawal Liability. Exhibit B. Fountain requested review of this determination and the Sheet Metal Workers' National Pension Fund subsequently withdrew its notice of withdrawal liability. Exhibit C.

9. On or about August 25, 2014, Fountain learned that several of its employees received notice from SMWNPF that after September 9, 2014 their work for Fountain would not be deemed "covered employment" under the Sheet Metal Workers' National Pension Fund, and threatening their loss of eligibility for themselves and their spouses if they continued to work for Fountain. Exhibit D.

10. On or about September 9, 2014, the Sheet Metal Workers' National Pension Fund sent Fountain a Notice and Demand for Payment of Withdrawal Liability claiming that a complete withdrawal occurred on or about September 9, 2014 and that Fountain owed SMWNPF $1,802,943.69. Exhibit E.

11. On October 6, 2014, Fountain timely objected to SMWNPF's Notice and Demand for Payment of Withdrawal Liability, requested documentation relevant to SMWNPF's determinations, calculations and assessment, and sought review as required by 29 U.S.C. § 1399(b)(2)(A). Exhibit F.

12. On October 20, 2014 the Sheet Metal Workers' National Pension Fund responded stating "[o]nly a 'Contributing Employer' may participate in the Fund. Fountain did not qualify as a 'Contributing Employer' after September 2010 and consequently, contributions for hours worked after that date were erroneous" and by affirming its determination of complete withdrawal but reducing its demand for payment from $1,802,943.69 to $1,663,405.39. Exhibit G. SMWNPF did not provide the documentation requested.

13. On December 4, 2014 Fountain timely demanded arbitration as required by Pension Benefit Guaranty Corporation's ("PBGC") regulations, 29 CFR 4221, demanded repayment of all contributions which SMWNPF on October 20, 2014 claimed were made in error, and repeated

its request for production of documents relevant to the dispute. Exhibit H. While SWMNPF has not objected to such arbitration it also has taken no steps to cooperate in such arbitration.

14. On October 6 and December 4, 2014 Fountain requested production of documents relevant and necessary to resolution of the dispute. Exhibits F and H. The requests for production of documents were also requested by telephone with SMWNPF counsel on November 7, 12 and 18, 2014.

15. Except for four items, these requests for documents have not been responded to. On November 12, 2014 the Sheet Metal Workers' National Pension Fund provided a copy of the Sheet Metal Workers' National Pension Fund Trust document. On December 19, 2014, the SMWNPF provided an internet address for the SMWNPF Plan document, a withdrawal liability valuation as of December 31, 2009, and 64 pages alleged to be the 2007 rescission documents, except for documents claimed to be somehow privileged.

16. Fountain again on December 23, 2014 requested the documents necessary for the parties' arbitration and requested clarification regarding the documents provided. Exhibit I. SMWNPF has not responded.

17. On January 6, 2015 Fountain's counsel requested a panel of arbitrators from the Federal Mediation and Conciliation Service ("FMCS"). On January 7, 2015, FMCS emailed to Fountain's counsel and to SMWNPF's counsel a panel of arbitrators.

18. Arbitration of the dispute between Fountain and SMWNPF is required by law. 29 U.S.C. §1401. Fountain submitted a panel list of arbitrators to the Sheet Metal Workers' National Pension Fund via the FMCS. SMWNPF has not objected to Fountain's demand for arbitration but it has not cooperated in selecting an arbitrator and proceeding to arbitration.

19. Fountain is prejudiced by SMWNPF's failure to arbitrate because Fountain must make substantial interim payments until such time as arbitration is concluded in its favor. See Exhibit G., Appendix III.

20. SMWNPF has not withdrawn its notice and demand for withdrawal liability, has not explained the basis for its determination, has not provided the documents necessary for proper resolution of this matter, and not cooperated in selecting an arbitrator and proceeding to arbitration.

21. Fountain respectfully requests that this Court declare the parties' rights and obligations to arbitrate their disputes under the MPPAA and the PBGC regulations, and appoint a qualified arbitrator for consideration of all disputes and issues regarding the Sheet Metal Workers' National Pension Fund notice and demand for withdrawal liability to Fountain, including whether SMWNPF can prove an enforceable obligation for Fountain to contribute to the SMWNPF from which Fountain can be assessed withdrawal liability, whether Fountain is covered by the building and construction trades exemption to withdrawal liability found in 29 U.S.C. 1383(b) and whether SMWNPF owes refund payments to Fountain.

## COUNT ONE – DECLARATORY JUDGMENT

22. Fountain hereby realleges and incorporates each and every allegation made in paragraphs 1-21 of this Complaint as though fully set forth herein.

23. Fountain initiated arbitration over the Parties' disputes in accordance with the requirements of the MPPAA and PBGC regulations, 29 C.F.R. §4221.3, but SMWNPF has failed and refused to arbitrate. SMWNPF has failed even to participate in selecting an arbitrator within the timeframe required by 29 C.F.R. §4221.4

24. SMWNPF's delay is unfair and prejudicial to Fountain which must continue to make substantial and unwarranted interim withdrawal liability payments pending the completion of arbitration as required by the MPPAA, and imposes irreparable financial harm for which Fountain has no adequate remedy at law.

25. Fountain is entitled to arbitration of the Parties' disputes under the MPPAA and the PBGC regulations, and to the selection or appointment of a qualified arbitrator for consideration of all disputes and issues regarding the Sheet Metal Workers' National Pension Fund notices and demands for withdrawal liability to Fountain, including whether SMWNPF can prove an enforceable obligation for Fountain to contribute to the SMWNPF from which Fountain can be assessed withdrawal liability, whether SMWNPF can establish the requirements for withdrawal liability under 29 U.S.C. §1383(b)(2) and whether SMWNPF owes refund payments to Fountain.

## COUNT TWO – REFUND

26. Fountain hereby realleges and incorporates each and every allegation made in paragraphs 1-25 and in Count One of this Complaint as though fully set forth herein.

27. Fountain made and SMWNPF accepted contributions to the SMWNPF which SMWNPF claimed for the first time on October 20, 2014 were erroneously made.

28. Fountain on December 4, 2014 demanded refund of those payments by SMWNPF. SMWNPF has not refunded the alleged erroneous payments and has not responded to the demand in any way.

29. Fountain is entitled under 29 U.S.C. §1451 and 29 U.S.C. §1103(c)(2)(A)(ii) to a judgment awarding Fountain a full refund of any and all erroneous contributions, including those referenced in paragraph 27, which SMWNPF accepted without objection from Fountain.

6

## COUNT THREE – STAY OF INTERIM PAYMENTS

30. Fountain hereby realleges and incorporates each and every allegation made in paragraphs 1-29 and in Counts One and Two of this Complaint as though fully set forth herein

31. Fountain is paying to SMWNPF interim payments pending arbitration pursuant to 29 U.S.C. 1401(d) based upon SMWNPF's unsubstantiated and erroneous Notice and Demand For Payment of Withdrawal Liability, even though SMWNPF has not shown that Fountain is not exempt from withdrawal liability under 29 U.S.C. §1383(b)(2) and even though SMWNPF has not cooperated in providing requested documentation about basis for its position and has not cooperated in proceeding to arbitration.

32. Due to the extreme prejudice, and the irreparable harm to which Fountain is exposed by SMWNPF's actions and omissions, and the costs to Fountain caused thereby, Fountain is entitled to have the making of additional interim payments pending resolution of this suit and the statutorily required arbitration.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Fountain requests this Honorable Court

(a) Enter an order declaring the Parties' rights and obligations to arbitrate their disputes under the MPPAA and the PBGC regulations, and appointing a qualified arbitrator for consideration of all disputes and issues regarding the Sheet Metal Workers' National Pension Fund notices and demand for withdrawal liability to Fountain, including whether SMWNPF can prove an enforceable obligation for Fountain to contribute to the SMWNPF from which Fountain can be assessed withdrawal liability, whether Fountain is covered by the building and construction

trades exemption to withdrawal liability found in 29 U.S.C. 1383(b) and whether SMWNPF owes refund payments to Fountain;

(b) Enter an order declaring whether contributions were erroneously accepted by SMWNPF.

(c) Enter an order awarding Fountain a full refund in the amount of the alleged erroneous contributions which SMWNPF accepted from Fountain;

(d) Enter an order staying the making of any additional interim payments of any kind by Fountain to the SMWNPF;

(e) Enter an order award Fountain its attorneys' fees and costs in an amount to be determined by the Court; and

(f) Enter an order granting Fountain any other relief the Court may deem just or to which it is entitled.

Respectfully submitted, this 20th day of January, 2015.

FOUNTAIN CONSTRUCTION COMPANY, INC.

BY: Balch & Bingham LLP

BY: _____
*Of Counsel*

Armin J. Moeller, Jr. (MB# 3399)
David M. Thomas, II (MB# 8120)
BALCH & BINGHAM LLP
One Jackson Place
188 East Capitol Street, Suite 1400
Jackson, Mississippi 39201
Telephone: (601) 961-9900
Facsimile: (888) 594-5405

William I. Gault, Jr., PLLC (MB# 4774)
Law Offices of William I. Gault, Jr., PLLC
741 Avignon Dr., Suite A
Ridgeland, MS 39157
Telephone (601) 983-2255
Facsimile: (601) 510-8050